UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION NO. 14-877 |
| Plaintiffs, | : | |
| v. | : | SECTION: |
| NEW CENTURY FABRICATORS, INC. | : | MAGISTRATE: |
| Defendants, | : | |
| | : | JURY TRIAL REQUESTED |

## COMPLAINT

1. This is an action to halt and seek redress for the unlawful discrimination on the basis of Human Immunodeficiency Virus ("HIV") status that the defendants have implemented in their business practices.

2. The Americans with Disabilities Act expressly prohibits discrimination in employment on the basis of disability. 42. U.S.C. § § 12101, *et seq.*

3. Employers are prohibited from denying qualified individuals employment because they have disabilities such as HIV. Despite these mandated provisions, the defendants have violated the Plaintiff's rights.

## PARTIES

4. The plaintiff was employed by New Century Fabricators, Inc. to work as a welder for certain off-shore jobs and was on his second off-shore job during the relevant period. He is domiciled in the Parish of Jefferson, State of Louisiana. The plaintiff has filed under a pseudonym in order to protect his status as a person affected by HIV. Although the identity of

the plaintiff is protected in this Complaint, Defendant, through counsel, has been made expressly aware of the identity of the plaintiff.

5. Defendant, New Century Fabricators, Inc. ("New Century") is a Louisiana corporation that provides welding vessel and all fabrications for the oil field industry throughout the Gulf Coast Region.

6. Defendant's principal office is located in the Parish of Iberia in the State of Louisiana.

## FACTUAL BACKGROUND

7. On or about April of 2012, John Doe passed an oil rig welding test in New Iberia, was certified for CPR, AED, and First Aid; Water Survival with HUET (Triton) & Swing Rope Transfer; and Permit Confined Space Entrant/Attendant In Accordance with 29 CFR 1920.146.

8. A week and a half later John Doe was flown offshore for a 3-day project under the direct supervision of Scott, the foreman of the New Century crew John Doe was working with.

9. John Doe was asked to complete a medical questionnaire, prior to going offshore, detailing any medications that he took.

10. John Doe did not include his HIV medications on the questionnaire due to fear of discrimination for being HIV-positive.

11. John Doe finished the first project and was told that he had done good work. He was never criticized for failing to complete his welding duties according to New Century's standards.

12. On or about April of 2012, John Doe was on a boat headed to his second offshore project under the supervision of Scott. Before leaving for the project, John Doe disclosed to Scott his HIV medications and his HIV-positive status. Scott responded by making obscene

gestures and told John Doe that his medications and HIV-positive status was "the devil's s***" and "something the devil does." About six or seven other workers were in John Doe's view and witnessed the interaction.

13. While on the second project John Doe's bunkmate asked him about the medications he was taking John Doe told him that he was on drugs.

14. Scott told the crew about John Doe's HIV status and medications.

15. After Scott revealed John Doe's status, the entire crew began to ostracize John Doe.

16. After returning from the second project, John Doe called Eddie, New Century's project dispatcher, and was told that a long project was coming up and that there would be plenty of work until the end of the year.

17. John Doe continued following up with Eddie leaving several messages but never received a phone call back from Eddie. John Doe also called Scott and left messages, but did not receive any phone calls back from him.

18. John Doe made phone calls to Troy, New Century's administrator, who was in possession of John Doe's welding certifications. John Doe sought the return of his certifications.

19. Troy never returned any of the phone calls, which meant John Doe could not have his certifications returned to his possession. Without his welding certifications, John Doe could not engage in other similar welding projects with other companies.

20. By March of 2013, John Doe was effectively unemployed and did not receive any other work from New Century or any other company needing offshore welding work.

21. Although John Doe was told that New Century had ample work opportunities until the end of the year, he was never contacted again by any employees of New Century.

22.     On or about October of 2012, John Doe sought legal counsel from AIDSLaw of Louisiana, in partnership with Varadi, Hair & Checki, LLC.

23.     On or about October 2, 2012, a letter was sent on John Doe's behalf demanding that New Century confirm, in writing, that John Doe was no longer an employee of New Century and for New Century to return all of John Doe's certifications.

24.     On or about October 3, 2012, John Doe received a facsimile containing a separation notice from New Century and copies of all the certificates belonging to John Doe.

25.     On or about October 19, 2012, John Doe received the hard copy originals of all the documents previously alluded to in paragraph 24.

26.     The separation notice completed by New Century cited the reason for John Doe's separation was due to "Lack of Work" and a "Reduction in Force."

27.     To date, John Doe has not done any other offshore welding work and has had much difficulty finding consistent employment.

27.1    John Doe filed a complaint with the Equal Employment Opportunity Commission and was granted a Right to Sue Letter on February 26, 2014.

28.     Due to New Century's actions in withholding John Doe's certifications, he suffered economic harm because he was unable to seek similar employment elsewhere. Additionally, New Century's failure to confirm in writing that John Doe was no longer employed by New Century, which was requested of them multiple times, prevented John Doe from receiving public aid. This ordeal has further caused John Doe significant emotional distress.

## JURISDICTION AND VENUE

29.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

30. Venue is proper under 28 U.S.C. § 1391 (b)(1) as New Century resides in Louisiana's Eastern District. Further, venue is proper under 28 U.S.C. § 1391 (b)(2) as the event, giving rise to the claim, occurred in Louisiana's Eastern District.

31. This Court has jurisdiction over the defendant because New Century is located and continues to operate in the State of Louisiana and is a domiciliary of the State of Louisiana.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32. Paragraphs 7-28 above are restated as if fully incorporated herein.

33. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability, specifically with regards to discharge of employees. 42 U.S.C. § 12112.

34. Because HIV substantially limits at least one of John Doe's major life activities, he is considered an individual with a disability.

35. John Doe was fully qualified to be in his position at New Century and had not had his work performance negatively criticized prior to the disclosure of his HIV status.

36. Upon information and belief, New Century is a covered employer to which the ADA applies. Upon information and belief, New Century has several hundred employees across multiple locations.

37. New Century terminated John Doe from employment solely because he has HIV. New Century made no individualized assessment to determine whether John Doe could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position, as required under the ADA.

38. Termination on the basis of his disability, as well as New Century's failure to make an individualized assessment to determine whether John Doe could be employed or

whether a reasonable accommodation would enable him to be employed by New Century, violated the ADA.

39. As a result of New Century Fabricator's action, John Doe has suffered and will continue to suffer both economic and non-economic harm.

**COUNT II: VIOLATION OF LOUISIANA EMPLOYMENT DISCRIMINATION LAW**

40. Paragraphs 7-28 are restated as if fully incorporated herein.

41. The Louisiana Employment Discrimination Law, La. Rev. Stat. 23:301 *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability specifically with regards to discharge of employees. La. R. S. 23:323.

42. Because HIV substantially limits at least one of John Doe's major life activities, he is an individual with a disability.

43. John Doe was fully qualified to be in his position at New Century and had not had his work performance criticized. In fact, John Doe had been told on multiple occasions that his work performance was superior.

44. Upon information and belief, New Century is a covered employer, to which the Louisiana Discrimination Law applies. Upon information and belief, New Century has several hundred employees across multiple locations.

45. New Century terminated John Doe from employment solely because he has HIV. New Century made no individualized assessment to determine whether John Doe could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position, as required under the Louisiana Employment Discrimination Law.

46. Termination on the basis of his disability, as well as New Century's failure to make an individualized assessment to determine whether John Doe could be employed or

whether a reasonable accommodation would enable him to be employed by New Century, violated the Louisiana Employment Discrimination Law.

47. As a result of New Century's action, John Doe has suffered and will continue to suffer both economic and non-economic harm.

## JURY TRIAL REQUEST

Plaintiff hereby notifies the Court and defendants of his intent to seek a trial by jury in this matter.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendants and award the following relief:

a. Appropriate injunctive relief, including but not limited to: reinstatement of John Doe's position with New Century Fabricators, Inc., as well as an order restraining New Century Fabricators, Inc. from engaging in further discriminatory conduct of the types alleged in this Complaint;

b. Back pay in an amount to be determined at trial;

c. In the event reinstatement is not granted, front pay;

d. Compensatory and consequential damages, including for emotional distress against New Century Fabricators, Inc.;

e. Punitive damages against defendants New Century Fabricators, Inc.;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees and costs of this action; and

h. Any such further relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Galen M. Hair
Galen M. Hair, T.A. (La. Bar. No. 32865)
Varadi, Hair & Check, LLC
650 Poydras St., Ste. 1550
New Orleans LA, 70130
(504) 684-5200
Facsimile: (504) 613-6351
hair@vhclaw.com

AND

Joshua Holmes (La. Bar. No. 32162)
AIDSLaw of Louisiana
2601 Tulane Avenue, Suite 630
New Orleans, LA 70119
(504) 568-1631 ext. 792
Facsimile: (504) 568-1631
jholmes@aidslaw.org